UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN M. MARTINI,

    Plaintiff,

v.                                                                                              Case No: 8:20-cv-2625-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Kathryn M. Martini seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Appeals Council erred in denying review, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

### A. Procedural Background

Plaintiff filed her applications for benefits on April 29, 2017. (Tr. 283–95.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 139–76.) Plaintiff then requested an administrative hearing. (Tr. 226–28.) Upon Plaintiff's request, the Administrative Law Judge (ALJ) held a hearing at which Plaintiff appeared and testified. (Tr. 99–128.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 87–93.) Subsequently, Plaintiff requested review

from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning on October 1, 2016. (Tr. 283.) Plaintiff has a bachelor's degree in biophysics. (Tr. 105.) Plaintiff's past relevant work includes work as a respiratory therapist and pharmaceutical sales representative. (Tr. 122.) Plaintiff alleged disability due to vertigo and seizures. (Tr. 140.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since October 1, 2016, the alleged onset date. (Tr. 89.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: history of degenerative disc disease of the cervical spine and arthritis, and a seizure disorder. (Tr. 89.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 90.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she "can never climb ladders, ropes, and scaffolds, occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl." (Tr. 90.) Further,

Plaintiff "must avoid work around hazardous moving machinery and work at unprotected heights." (Tr. 90.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical evidence and other evidence of record. (Tr. 90.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as a pharmaceutical sales representative. (Tr. 92.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 92.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration (SSA), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's RFC formulation, argues that the Appeals Council erred in denying review, and contends that the Commissioner's decision is constitutionally defective. (Dkt. 22.) Because the court finds that remand is warranted due to an error made by the Appeals Council, the court does not address any error

made by the ALJ that may be revisited on remand. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address issues because they were likely to be reconsidered on remand). Further, because the court finds that remand is warranted, the court declines to consider Plaintiff's constitutional arguments. *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991) ("A fundamental principle of constitutional law dictates that a federal court should refuse to decide a constitutional issue unless a constitutional decision is strictly necessary.").

### A. New Evidence

"'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council, while not required to make specific findings of fact, must consider additional evidence that is new, material, and chronologically relevant. *Ingram*, 496 F.3d at 1261 (stating that the "Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record'"). "[E]vidence is 'chronologically relevant' if it relates to the period on or before the date of the ALJ's hearing decision." *Washington v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 871, 876 (11th Cir. 2019) (citing 20 C.F.R. § 416.1470(a)(5)). Evidence is "material if a reasonable possibility exists that the

evidence would change the administrative result." *Washington*, 806 F.3d at 1321. If the Appeals Council does not consider new, material, and chronologically relevant evidence, "it commits legal error and remand is appropriate." *Id.* Alternatively, when the Appeals Council considers new evidence but denies review, the court decides whether the new evidence "render[s] the Commissioner's denial of benefits erroneous." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014); *Ingram*, 496 F.3d at 1262.

Plaintiff submitted the following evidence to the Appeals Council:

(1) A third-party statement from Javier Berolo (Tr. 130);

(2) A medical source statement from Dr. Daniel Cabello dated July 15, 2020 (Tr. 135–37);

(3) A medical opinion from Dr. Cabello dated July 18, 2019 (Tr. 138);

(4) Treatment records from Dr. Cabello dated November 16, 2018 (Tr. 131–33);

(5) Two statements from Dr. Erasmo Passaro (Tr. 52, 54);

(6) A neurocognitive report dated October 7, 2019 (Tr. 45–51); and

(7) Treatment records from Dr. Cabello dated June 24, 2019 to March 18, 2020 (Tr. 63–80).

The Appeals Council found that items 1-4 above did not show a reasonable probability of changing the outcome of the ALJ's decision and were therefore not material. (Tr. 2.) Based upon a review of the records, the undersigned finds the Appeals Council erred in finding that items 1-4 were not material. In his review of

the record evidence, the ALJ reviewed the medical records relating to Plaintiff's seizure disorder. (Tr. 91.) He noted that state agency consultant Dr. Christina Rodriguez opined that Plaintiff could perform a wide range of work at all exertional levels. (Tr. 91, 163.) The ALJ further explicitly stated that "[t]here is no contrary opinion in the file." (Tr. 91.) The ALJ also considered Dr. Cabello's treatment records which reflected that Plaintiff had been "seizure free." (Tr. 91.) Later in his analysis, the ALJ again noted that "there is no opinion evidence in the record that agrees with the claimant's allegations of disabling limitations." (Tr. 92.) Finally, the ALJ found that the record included "little evidence of anything other than the seizure disorder." (Tr. 91.) Thus, the ALJ's decision was based, in part, on a lack of evidence in the record demonstrating Plaintiff's alleged disabling limitations.

Items 1-4 submitted by Plaintiff to the Appeals Council appear to fill these evidentiary gaps. Specifically, in contrast to Dr. Rodriguez's opinion that Plaintiff could perform a wide range of work at all exertional levels, Dr. Cabello opined in the newly submitted evidence that Plaintiff had tremors, dizziness, balance problems, and difficulty with problem solving, memory, and speech, as well as moderate or marked mental limitations due to her neurological impairments. (Tr. 135–37.) Additionally, the third- party statement from Mr. Berolo reflects that Plaintiff had great difficulty remembering information in the workplace and suffered from tremors while at work. (Tr. 130.)

The medical opinion from Dr. Cabello significantly differs from the opinion provided by Dr. Rodriguez. Dr. Rodriguez opined that Plaintiff's alleged side effects

- 8 -

from her seizure medication "seem[ed] disproportionate" to the objective medical evidence. (Tr. 163.) Further, Dr. Rodriquez opined that Plaintiff had no exertional limitations and no balancing limitations. (Tr. 163–64.) Dr. Rodriguez also opined that Plaintiff had no communicative limitations and required only limited exposure to hazards such as heights and machinery but could have unlimited exposure to all other environmental limitations. (Tr. 164.)

In contrast, Dr. Cabello opined that Plaintiff had difficulty balancing and many cognitive defects. (Tr. 135–36.) Additionally, based upon his treatment of Plaintiff, Dr. Cabello opined that Plaintiff had moderate or marked limitations in each of the following areas: (1) ability to understand, remember, or apply information; (2) interaction with others; (3) concentration, persistence, and pace; and (4) ability to adapt or manage oneself in the workplace. (Tr. 136.)

These records provide support for Plaintiff's subjective allegations of her limitations, which the ALJ found to be inconsistent with the evidence of record. (Tr. 91.) Moreover, the additional evidence provides a contrary medical opinion regarding Plaintiff's impairments and limitations. Because the ALJ explicitly noted that the record only included Dr. Rodriquez's opinion, did not include any contrary opinions, and did not include objective evidence of Plaintiff's claimed limitations, there is a reasonable probability that Plaintiff's additional evidence may have changed the administrative result. *See Washington*, 806 F.3d at 1321 (remanding case for consideration of new opinion evidence regarding social and cognitive limitations);

*Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 747 (11th Cir. 2011) (remanding case for consideration of new evidence that supported the plaintiff's subjective statements).

As to items 5-7, the Appeals Council correctly found that these records were not chronologically relevant. The relevant period for Plaintiff's claims for disability extended from October 1, 2016, the alleged onset date, through June 5, 2019, the date of the ALJ's decision. (Tr. 2.) Items 5-7 above did not relate to this relevant period. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) ("New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's hearing decision.") (punctuation and citation omitted). Item 5 included two letters from Dr. Passaro stating that Plaintiff was unable to work due to her cognitive impairments. (Tr. 52, 54.) However, the letters are dated July 29, 2019 and August 19, 2019, after the end of the relevant period. (Tr. 54, 52, respectively.) The letters indicate that Dr. Passaro was presently treating Plaintiff and that, at the time of the letter, Plaintiff could drive only short distances and was unable to work. (Tr. 52, 54.) The letters do not address Plaintiff's impairments and limitations during the relevant period, nor do the letters indicate that Dr. Passaro relied on records from the relevant period to form her opinions. *See Howze v. Soc. Sec. Admin.*, No. 21-11066, 2022 WL 152236, at *3 (11th Cir. Jan. 18, 2022) (finding medical opinion was not chronologically relevant because the document did not indicate that the doctor relied on the plaintiff's medical records from the relevant period); *Hargress*, 883 F.3d at 1310 (same).

Likewise, the neurocognitive report dated October 7, 2019 (Tr. 45–51) from Dr. Veronica L. Clement, clinical neuropsychologist, did not relate to the relevant period. Although Dr. Clement's notes indicate that she reviewed Plaintiff's medical records, it is unclear what records she reviewed. Moreover, much of Dr. Clement's assessment was based on testing and an evaluation of Plaintiff on October 7 and 11, 2019, after the close of the relevant period. (Tr. 45–51.) Similarly, Dr. Cabello's treatment records dated June 24, 2019 and March 18, 2020 reflect Dr. Cabello's care and treatment of Plaintiff after the relevant period. (Tr. 63–80.) As such, the Appeals Council did not err in finding these records were not chronologically relevant. *Compare Hargress*, 883 F.3d at 1310 (finding that new evidence did not relate to relevant period), *with Washington*, 806 F.3d at 1322 (finding that examination after the relevant period was chronologically relevant because the doctor based the opinions on the combined effects of impairments and the opinions related back to the relevant period).

**B. Remand**

Because items 1-4 were properly submitted to the Appeals Council, remand is warranted if "the new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. "In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g) 'must show, in light of the new evidence submitted to the [Appeals Council], the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole.'" *Gutierrez v. Comm'r of Soc. Sec.*, No. 6:21-cv-0051-MAP, 2022 WL 2168290, at *5 (M.D. Fla. June 16, 2022) (quoting *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013)).

As explained above, if the ALJ had considered the additional evidence from Dr. Cabello and Mr. Berolo, there is a reasonable probability that the new evidence may have changed the outcome in this case.  However, the court will not speculate how the ALJ may have assessed the new evidence or how it may have impacted the ALJ's considerations.  *Thompson v. Colvin*, No. 5:13-cv-02115-TMP, 2015 WL 1279787, at *6 (N.D. Ala. Mar. 20, 2015) ("The court recognizes that it can do no more than speculate as to what the consultative examiners and ALJ would have determined had they had the new evidence at the time of their determinations.").

Rather, upon consideration of the full record, the court cannot find that the ALJ's decision is supported by substantial evidence.  The ALJ repeatedly noted that his findings were premised, at least in part, on a lack of evidence in the record showing that Plaintiff suffered from additional impairments or required further limitations due to her tremors and limited cognitive functioning.  (Tr. 90–92.)  As supplemented by the new evidence, the record now contains opinion evidence from one of Plaintiff's treating providers regarding Plaintiff's tremors and cognitive abilities, as well as a third-party statement discussing the impact of these issues on Plaintiff's ability to work.  (Tr. 130–38.)  Therefore, the court must remand this case to the Commissioner for an evaluation of Plaintiff's claims based upon "the total record." *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)[1]; *see Khamjani v. Acting Comm'r of Soc. Sec. Admin.*, No. 8:20-cv-2153-MCR, 2022 WL 1439218, at *8 (M.D. Fla. May 6, 2022) (remanding for

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit handed down before October 1, 1981.

consideration of the full record, including new material evidence); *Harrington v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-337-MCR, 2021 WL 3464871, at *17 (M.D. Fla. Aug. 6, 2021) (finding remand warranted for consideration of material evidence because the ALJ cited to the lack of records and clinical findings in reaching decision); *Watkins v. Astrue*, 925 F. Supp. 2d 1257, 1265 (N.D. Ala. 2013).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter final judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Tampa, Florida, on June 30, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record