UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN M. MARTINI,

    Plaintiff,

v.                                                                                                        Case No: 8:20-cv-2625-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff moves the court to award attorney's fees pursuant to 42 U.S.C. § 406(b). (Petition for Fees, Dkt. 34.) Upon consideration, Plaintiff's Petition for Fees is granted.

## BACKGROUND

On November 9, 2020, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On June 30, 2022, the court entered an order reversing and remanding the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 30.) Judgment was entered in Plaintiff's favor on July 1, 2022. (Dkt. 31.) Plaintiff's counsel was awarded fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 33.) Pursuant to the court's order, on remand, the ALJ issued a favorable decision finding Plaintiff to be disabled since July 26, 2020. (Dkt. 34-2.) The

Social Security Administration withheld $21,598.73, which is 25% of Plaintiff's past due benefits, for the payment of Plaintiff's legal fees. (Dkt. 34-3 at 3.)

Plaintiff's attorney seeks an award of a contingency fee pursuant to 42 U.S.C. § 406(b). (Dkt. 34-1.) Counsel acknowledges that the EAJA fee received must be refunded from the total § 406(b) fee. (Dkt. 34 at 3.) *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they

provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

Plaintiff's counsel seeks a contingency fee award of $21,598.73, less the EAJA fee, for the time spent on this appeal. (Dkt. 34 at 3.) Counsel argues she spent a total of 21.7 hours litigating this matter. (*Id.*) The court previously awarded Plaintiff EAJA fees in the amount of $4,625.05. (Dkt. 33.) Plaintiff's counsel requests additional fees in the amount of $16,973.68 ($21,598.73 - $4,625.05) for her work on this matter. (Dkt. 34.) Plaintiff's counsel argues that this amount should be approved because Plaintiff agreed to a contingency fee of twenty-five percent of any past-due benefits awarded and the total fee award is reasonable. (*Id.*)

In assessing reasonableness, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less than twenty-five percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel twenty-five percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than twenty-five percent of the awarded retroactive benefits).

Here, Plaintiff agreed to pay her counsel 25% of the amount of past due benefits Plaintiff was awarded (Dkt. 34-1), which comports with § 406(b)(1)(A). In addition, the requested fee does not exceed 25% of the Plaintiff's past-due benefits. (Dkt. 34 at 2.)

In determining attorney's fee requests, courts also consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Plaintiff's representation resulted in the court's reversing and remanding the unfavorable decision. (Dkt. 30.) On remand, Plaintiff's counsel's representation resulted in a fully favorable decision and an award of past due benefits. (Dkts. 34-2.) Plaintiff's counsel moved promptly after receiving the notices of the retroactive benefits awards. (Dkt. 34.) Thus, the favorable results counsel achieved for Plaintiff and counsel's promptness in filing the Petition for Fees support the reasonableness of the requested fee and the Commissioner does not object. *Gisbrecht*, 535 U.S. at 808 (reasoning that a reduction in the requested fees is warranted if an attorney is "responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court").

Finally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Id.* (explaining that a time itemization and a statement of the attorney's normal hourly billing rate is helpful to aid the court's reasonableness assessment, while describing the court's wide discretion in this assessment because "[j]udges of our district courts are accustomed to making

reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review"). However, when reviewing the contingency fee requested in terms of the equivalent hourly rate, courts in the Eleventh Circuit have approved contingency fees that equate to hourly rates within the range of Plaintiff's request, and the requested contingency fee here is not unreasonable. *See Carpenter v. Astrue*, No. 8:10-cv-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Haynes v. Astrue*, No. 8:09-cv-392-T-TGW, 2011 WL 127121, at *1 (M.D. Fla. Jan. 14, 2011) (approving a contingency fee equaling approximately $453 per hour); *Vilkas*, 2007 WL 1498115, at *2 (approving a contingency fee equaling "approximately $1,121.86 per hour for the 5.5 hours she spent in this case" because "[e]ven though the fee request on an hourly basis is high," the requested amount was far less than twenty-five percent of the retroactive benefits).

Accordingly:

1. Plaintiff's Petition for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Dkt. 34) is **GRANTED**.

2. The Court approves the attorney's fees requested by counsel as reasonable. Plaintiff's counsel, Chantal J. Harrington, is awarded $21,598.73 in fees pursuant to 42 U.S.C. § 406(b).

3. The Commissioner is directed to pay Plaintiff's counsel the net amount of $16,973.68 ($21,598.73 - $4,625.05 EAJA fee), less any additional sum already paid to counsel.

4. The Clerk shall enter judgment and close the case.

**ORDERED** in Tampa, Florida, on March 22, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record